| UNITED STATES BANKRUPTCY COURT | Hearing Date: November 24, 2009 |
| SOUTHERN DISTRICT OF NEW YORK | Hearing Time:10:45 a.m. |

----------------------------------------------------------x
                                                          :    Case No. 09-14397 (AJG)
In re                                                     :
                                                          :    Chapter 7
ONYEKACHI ANOSIKE,                                        :
                                                          :
               Debtor.               :
----------------------------------------------------------x

**OBJECTION OF THE UNITED STATES TRUSTEE TO MOTION OF
AURORA LOAN SERVICES, LLC TO VACATE THE AUTOMATIC STAY**

**TO THE HONORABLE ARTHUR J. GONZALEZ,
UNITED STATES BANKRUPTCY JUDGE**:

      Diana G. Adams, the United States Trustee for the Southern District of New York (the "United States Trustee"), respectfully submits this objection (the "Objection") to the motion (the "Motion") of Aurora Loan Services, LLC ("Aurora") to lift the stay with respect to 316-318 Devonwoods Court, Taylors, South Carolina 29687 (the "Property"). In support of her Objection, the United States Trustee alleges as follows:

**SUMMARY OF OBJECTION**

      As part of the Motion, Aurora has attached an assignment of mortgage, dated September 22, 2009 (the "Assignment"). The Assignment shows Aurora as assignee and Homecomings Financial Network, Inc. ("Homecomings") as assignor. In July 2009, the Debtor filed its Chapter 7 petition and in September 2009, Aurora filed its Motion alleging that the Debtor has failed to make payments to it since June 2009. After a United States Trustee review of this matter, it is clear that the Debtor has been receiving monthly mortgage statements from Aurora since at least March 2009. As the Assignment is dated September 22, 2009, Aurora has not explained the reason that the Debtor has been receiving statements since earlier this year.

      The United States Trustee objects to the Motion until and unless Aurora clarifies: (a) why the assignment attached to the Motion is dated September 22, 2009, when Aurora has taken the position that it owned the mortgage at least as of the filing date, which was in July 2009, and the

Debtor has been receiving monthly statements from Aurora since before that time; and (b) how Aurora determined that the Debtor had made no payments since June 2009.

## FACTS

1. The Debtor filed for Chapter 7 bankruptcy relief on July 9, 2009 (the "Filing Date"). The Debtor listed Aurora as the secured creditor of a mortgage on the Property. See Ex. A (Schedule D of the Petition).

2. Alan Nisselson was appointed as interim Chapter 7 trustee and is now serving as the permanent Chapter 7 trustee.

3. Aurora is the assignee of a mortgage dated September 25, 2006 and recorded October 2, 2006 in the original amount of $143,100. Motion, at ¶ 5. Homecomings was the original mortgagee. Id. Aurora stated that the Debtor has been behind in payments on the mortgage since June 2009. Id., at ¶ 10.

4. Aurora did not disclose in its Motion or the Worksheet the date that the mortgage was assigned to Aurora from Homecomings. However, Aurora attached the Debtor's Schedule D, filed on the Filing Date, showing Aurora as the secured creditor as of that date. Aurora also attached an assignment of mortgage, annexed to the Worksheet, which was dated September 22, 2009. See Ex. B (the Assignment). Aurora listed the "Aurora Cashiering Dept." as the post-petition payment address. See Worksheet, at ¶ 4.

5. This Court held a hearing on November 18, 2009. Because of United States Trustee concerns over the Motion, the Court adjourned the Motion to November 24, 2009.

6. By letter dated November 18, 2009 (the "November Letter"), the United States Trustee advised Aurora of the United States Trustee's concerns regarding the Motion. Specifically, the United States Trustee requested that Aurora provide the date that Aurora obtained the mortgage and, if obtained before September 22, 2009, explain why the assignment was not prepared until September 22, 2009. The United States Trustee requested a response by

noon on November 20, 2009.  See Ex. C (November Letter).  The United States Trustee has not received a response to the November Letter.

7. The United States Trustee, by the undersigned, has also requested from the Debtor documents supporting Aurora's allegation that it was the secured creditor as of the Filing Date. In response, the Debtor's counsel has provided monthly mortgage statements dated March 17, 2009 and April 17, 2009 showing that the mortgage holder was Aurora.  The Debtor's counsel also advised the United States Trustee that the Debtor does not wish to retain the Property.

## ARGUMENT

Courts have, on several occasions, discussed the need for secured lenders to provide accurate pleadings by creditors in filings before the Court or else "[t]he debtor and his/her family may lose their home, and the debtor and other creditors may lose significant equity in foreclosure."  In re Gorshtein, 285 B.R. 118, 122 (Bankr. S.D.N.Y. 2002); In re Fagan, 376 B.R. 81, 82 (Bankr. S.D.N.Y. 2007) (sanctioning secured creditor to reinforce "my strongly-held view that debtors must not be subjected to the risk of foreclosure and loss of their homes on the basis of false certifications of post-petition defaults.").

The Assignment was dated September 22, 2009, which is after the Filing Date.  However, Aurora attached the Debtor's Schedule D, listing Aurora as the secured creditor, to demonstrate Aurora's interest in the mortgage as of the Filing Date.  Aurora also stated that the Debtor had made no payments on the mortgage since June 2009.  See Motion, at ¶ 10.  Moreover, the Debtor was clearly under the impression that Aurora held the mortgage well before the date of the actual Assignment in September 2009, as the Debtor received monthly statements since at least March 2009 showing Aurora as the mortgagee.

However, the only evidence that is on the record, the Assignment, appears to show an interest that began only as of September 22, 2009.  Aurora's pleadings must be accurate and Aurora should explain the basis for Aurora's position that, before the actual Assignment, it had an ownership interest in the mortgage and had a basis for sending the Debtor monthly mortgage

statements.  Further, Aurora must explain how it determined that the Debtor has made no payments on the mortgage since June 2009.  Absent adequate proof of Aurora's ownership interest in the mortgage, the Court should deny the Motion.

WHEREFORE, the United States Trustee respectfully requests that the Court deny to the Motion.

Dated: New York, New York
November 20, 2009

                                        Respectfully Submitted,

                                        DIANA G. ADAMS
                                        UNITED STATES TRUSTEE

                    By:     /s/ Greg M. Zipes
                            Greg M. Zipes (GMZ-4539)
                            Trial Attorney
                            33 Whitehall Street
                            21st Floor
                            New York, New York 10004
                            Tel. No. (212) 510-0500