UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
In re:                                                         Case No. 09-14397-ajg

       ONYEKACHI ANOSIKE                        Chapter 7
                                       Debtor(s).
------------------------------------------------------------------------X

## Supplemental Affirmation in Support

      Joseph Yau, an attorney duly admitted to the practice of law before this Court and before the courts of the State of New York, hereby affirms the following to be true under penalty of perjury:

      1.  I am an associate with the firm, Druckman Law Group, PLLC, attorneys for the Secured Creditor, Aurora Loan Services, LLC ("Aurora"). As such, I am fully familiar with the facts and proceedings stated herein.

      2.  I make this supplemental affirmation in support of Aurora's motion to vacate the automatic stay, pursuant to 11 USC §§ 362(d)(1) and 362(d)(2), so as to permit Aurora to enforce its rights and interests in its mortgage lien against the Debtor's premises located at 316-318 Devonwood Court, Taylors, South Carolina 29687.

      3.  On October 26, 2009, Aurora filed the aforementioned motion to vacate the automatic stay with respect to the Debtor's mortgage loan held by Aurora.

      4.  The United States Trustee objected to Aurora's motion and raised a concern as to the assignment of mortgage submitted in support of Aurora's motion.

      5.  On December 23, 2009, a hearing before the Court was held upon the appearance of the US Trustee and Aurora, at which hearing, this motion was marked off the calendar until a resolution has been reached between Aurora and the US Trustee.

      6.  Upon due deliberation between the US Trustee and Aurora having been had thereafter, it

was agreed that an additional filing of papers would be sufficient and satisfactory to the US Trustee and depositions would no longer be necessary.

7. An affidavit by Evangilene Tillman sworn to on January 11, 2010 is attached hereto in support of this motion.

8. As stated in the affidavit, while the assignment of mortgage was executed on September 22, 2009, said date is not indicative of the time of transfer and when the rights and interests in the Note and Mortgage were conveyed to Aurora. Aurora attained the rights in the Note and Mortgage on April 29, 2008. Aurora is now the owner and holder of the subject Note and Mortgage.

9. The Debtor acknowledges in his Chapter 7 bankruptcy petition filed July 9, 2009, that Aurora is the secured creditor holding the mortgage lien against the subject premises.

10. The Debtor defaulted on this mortgage loan by failure to make payments since June 2009.

11. The outstanding balance on this mortgage debt now exceeds $160,000.00.

12. The value of the property is at $144,762.00 as indicated by Schedule A of the Debtor's bankruptcy petition.

13. As a result, the Debtor has no equity in this property and said property is not necessary to an effective organization.

14. As indicated by the Chapter 7 Trustee's Report of No Distribution, filed September 2, 2009, Debtor has abandoned the subject property.

15. Debtor failed to adequately protect Aurora's interest in the real property by keeping current on the monthly mortgage payments and other expenses, including payments on real estate tax and insurance.

**WHEREFORE**, Aurora prays for relief for an order vacating the automatic stay so as to

permit Aurora to enforce its interest in the subject property, and for such other and further relief the

Court deems just, proper, and equitable.

Dated: Westbury, New York
January 14, 2010

                                                                         /s/ Joseph Yau
                                                                         Joseph Yau