| UNITED STATES BANKRUPTCY COURT | Hearing Date: February 3, 2010 |
| SOUTHERN DISTRICT OF NEW YORK | Hearing Time: 9:30 a.m. |

---------------------------------------------------------- x
: Case No. 09-14397 (AJG)
In re :
: Chapter 7
ONYEKACHI ANOSIKE, :
:
           Debtor. :
---------------------------------------------------------- x

**RESPONSE OF THE UNITED STATES TRUSTEE IN CONNECTION WITH THE AMENDED MOTION OF AURORA LOAN SERVICES, LLC TO VACATE THE AUTOMATIC STAY AND REQUEST FOR ADJOURNMENT**

**TO THE HONORABLE ARTHUR J. GONZALEZ,
CHIEF UNITED STATES BANKRUPTCY JUDGE**:

      Diana G. Adams, the United States Trustee for the Southern District of New York (the "United States Trustee"), respectfully submits this response (the "Response") to the Amended Motion (the "Amended Motion") (Doc. No. 14) of Aurora Loan Services, LLC ("Aurora") to lift the stay with respect to 316-318 Devonwoods Court, Taylors, South Carolina 29687 (the "Property"), which supplements the original Motion of Aurora (the "Original Motion") (Doc. No. 8) to lift the stay in connection with the Property. In support of her Response, the United States Trustee alleges as follows:

## RESPONSE

1.     Aurora now acknowledges that the assignment attached to the Original Motion (the "Assignment") contains incorrect information. See Affidavit of Evangilene Tillman dated January 11, 2010 (the "Tillman Affidavit"), at ¶ 3.

2.     Specifically, the Assignment provided that the date of the Assignment to Aurora was September 22, 2009. A copy of the Assignment is attached as Exhibit A. However, Aurora's position is that Aurora "attained the rights and interests in the Note and Mortgage on April 29, 2008." See Tillman Affidavit, at ¶ 4.

3. On December 23, 2009, the Court held a hearing on the Original Motion. The United States Trustee advised the Court of her desire to take the deposition of an Aurora employee with knowledge of the Assignment and of the Original Motion.[1]

4. Following the hearing, the United States Trustee expected to hear from Aurora to arrange a deposition date or otherwise to explain whether the Assignment was properly executed.

5. Instead, Aurora filed what it terms the Amended Motion. In the supplemental filing of Aurora's counsel Joseph Yau (Doc. No. 15) (the "Yau Affirmation"), Mr. Yau stated that "it was agreed that an additional filing of papers would be sufficient and satisfactory to the US Trustee and depositions would no longer be necessary." See Yau Affirmation, at ¶ 6. The undersigned, however, is not aware of any such agreement.[2]

6. The United States Trustee now requests the adjournment of the February 3, 2010 hearing on the Amended Motion to allow for discovery to take place. Specifically, in light Aurora's admission that the Assignment contains improper information, the United States Trustee seeks to take the deposition of Evangilene Tillman and Ji Strada, both of whom filed affidavits on behalf of Aurora in connection with this matter.

7. As stated by Aurora, the Debtor does not want to retain the Property. However, the United States Trustee seeks to determine the reasons underlying the incorrect information in the Assignment that was presented to the Court. As Aurora files numerous motions seeking to vacate the automatic stay in this and other bankruptcy courts, it is important to determine if there are systemic problems that led to the improper Assignment in this case. Further, discovery may

---

[1] The United States Trustee had previously noticed a deposition of Aurora but there was no appearance by Aurora at the scheduled time on December 17, 2009 at noon at the Office of the United States Trustee.

[2] While not contesting Aurora's certificate of service indicating that the United States Trustee was served with the Amended Motion, the undersigned was not contacted prior to the filing, and only discovered the Amended Motion upon reviewing the docket.

reveal that Aurora is not the correct party-in-interest to file a motion to vacate the stay in this case.

WHEREFORE, the United States Trustee respectfully requests that the Court deny or adjourn the Original Motion.

Dated: New York, New York
February 2, 2010

>Respectfully Submitted,
>
>DIANA G. ADAMS
>UNITED STATES TRUSTEE
>
>By: /s/ Greg M. Zipes
>Greg M. Zipes (GMZ-4539)
>Trial Attorney
>33 Whitehall Street
>21st Floor
>New York, New York 10004
>Tel. No. (212) 510-0500